IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GABRIEL McDOWELL                                                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 2:06cv147KS-MTP

MDOC, et al.                                                                            DEFENDANTS

MEMORANDUM OPINION

Upon further consideration of the records in this action, the court finds that an order [3-1] was entered on June 9, 2006, denying the prisoner plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) and requiring him to pay the full filing fee of $350.00 within 30 days. Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit. Plaintiff failed to comply with the order.

On August 8, 2006, an order [5-1] was entered directing the plaintiff to show cause in writing, within 15 days, why this case should not be dismissed for his failure to comply with the court's order of June 9, 2006. Plaintiff was also directed to pay the required filing fee within 15 days. Once again, the plaintiff failed to comply or to respond to an order of this court.

When the plaintiff failed to comply with the order [5-1] of August 8, 2006, the court out of an abundance of caution entered a second order to show cause [6-1] on September 15, 2006. The plaintiff was again directed to respond to the order and to pay the filing fee within 15 days. The plaintiff filed his response [7-1] on October 11, 2006.

In his response [7-1], the plaintiff states that he is indigent and is unable to pay the filing fee. Therefore, he requests that the court grant his in forma pauperis motion and allow him to proceed in this court with the instant civil action. As discussed below, this court is not persuaded by the plaintiff's response.

Notwithstanding his response, the plaintiff has failed to comply with this court's orders of June 9, 2006, August 8, 2006, and September 15, 2006, when he did not pay the filing fee. Moreover, the plaintiff does not meet the exception provisions of 28 U.S.C. § 1915(g). Therefore, this court cannot allow him to proceed in forma pauperis. Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir.1998); Choyce v. Domiguez, 160 F.3d 1068 (5th Cir.1998).

Since the plaintiff has failed to pay the filing fee, thereby failing to comply with three court orders, this case will be dismissed. This court has the authority to dismiss an action for the plaintiff's failure to comply with any order of this court under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 17th day of October, 2006.

s/Keith Starrett<br>
UNITED STATES DISTRICT JUDGE